MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
JENNIFER J. KELLAR (SBN: 216573)
jkellar@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY OF CONNECTICUT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SHELLFISH CO., INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY; THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY OF CONNECTICUT; and DOE 1 through DOE 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>Sacramento County Superior Court Case No. 34-2022-00318180<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Complaint Filed: April 13, 2022 |

-1-
DEFENDANTS' NOTICE OF REMOVAL
Case No.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB") and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY OF CONNECTICUT ("HSBCT") (collectively "Defendants"), by their counsel GORDON REES SCULLY MANSUKHANI LLP, hereby remove to this Court, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, based on diversity of citizenship, the claims pending as Case No. 34-2022-00318180 filed in the Superior Court of California for the County of Sacramento. In support of this removal, Defendants state as follows:

## I.  STATE COURT ACTION

1. This removed case is a civil action commenced in the Superior Court of California for the County of Sacramento by Plaintiff CALIFORNIA SHELLFISH CO., INC. ("Plaintiff") against Defendants entitled *California Shellfish Co., Inc. v. The Hartford Steam Boiler Inspection and Insurance Company, et al.,* Case No. 34-2022-00318180 ("State Action"). The only defendants sued by their names are HSB and HSBCT. Plaintiff also sued fictitiously named defendants Does 1 through 20. A true and correct copy of Plaintiff's Complaint (including attachments and enclosures thereto served on Defendants) is attached hereto as **Exhibit 1**.

2. Plaintiff filed the State Action on April 14, 2022. Plaintiff's Complaint and a Summons on the Complaint were first served upon Defendants on May 9, 2022. A true and correct copy of the Summons on the Complaint and proof of service is attached hereto as **Exhibit 2**. In addition, Plaintiff served on April 27, 2022 a Notice of Related Case on Defendants. A true and correct copy of the Notice of Related Case and proof of service is attached hereto as **Exhibit 3**. To date, no other documents have been served on Defendants.

3. The Complaint arises out of Defendant HSB's alleged duty to indemnify Plaintiff under HSB Policy No. FBP2204484 for damages allegedly

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

sustained as a result of a refrigeration system failure that occurred in or around June 2020 at Plaintiff's seafood distribution center located at 2601 5th Avenue, Sacramento, California, 95818. (**Exhibit 1** – Complaint, ¶¶ 12, 16 and 18.)

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

4.   A notice of removal in a civil action must be filed within thirty (30) days after the service of the Summons and Complaint. 28 U.S.C. §1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)(holding that the 30-day removal period begins to run upon service of the Summons and Complaint). Here, this Notice of Removal is being filed within 30 days from May 9, 2022, the date Defendants were served with the Summons and Complaint. As such, this removal is timely pursuant to 28 U.S.C. §1446(b).

5.   Defendants HSB and HSBCT are informed and believe that they are the only defendants that have been served with the summons and Complaint in the State Action and consent to remove the State Action. The defendants designated as Does 1 through 20 are fictitious defendants, are not parties to the State Action, have not been served, and are to be disregarded for purposes of this removal. *See* 28 U.S.C. §1441(a).

6.   Removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division embracing the place in which the State Action was pending. This is a civil suit brought in California state court. The State Action is currently pending in Sacramento County Superior Court, and, accordingly, under 28 U.S.C. §84(b), the United States District Court for the Eastern District of California is the proper forum for removal because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

7.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, a written notice of the removal will be provided to Plaintiff's counsel of record and a copy of this Notice

-3-

DEFENDANTS' NOTICE OF REMOVAL
Case No.

of Removal will be filed with the Clerk of the Sacramento County Superior Court, as required by 28 U.S.C. § 1446(d).

8. If any questions arise as to the propriety of the removal of this action, Defendants HSB and HSBCT requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

### III. THIS COURT HAS DIVERSITY JURISDICTION

9. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332 because the dispute is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).

- **The Citizenship of Plaintiff and Defendants is Diverse**

10. There is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants HSB and HSBCT, on the other hand. *See* 28 U.S.C. §1332(a)(1)("citizens of different States").

11. Plaintiff is a California corporation and has a principal office located in the City and County of San Francisco and other facilities at various locations in California. (**Exhibit 1** – Complaint, ¶1.) Therefore, Plaintiff is — and, at the time it commenced this action, was — a citizen of the State of California.

12. As reflected in Plaintiff's Complaint, Defendant HSB is and was at the time of the filing of this action a Connecticut corporation incorporated under the laws of the State of Connecticut. (**Exhibit 1** – Complaint, ¶2.) Its headquarters office is located at One State Street, Hartford, Connecticut, 06141. *See* Defendant HSB's company profile and relevant excerpts from the Annual Statement for the Year Ended December 31, 2021 as maintained by the California Department of Insurance, true and correct copies of which are attached hereto respectively as **Exhibit 4** and **Exhibit 5**; *see also* Fed. R. Evid. 201(b)(2)(courts may judicially notice facts that "can be accurately and readily determined from sources whose

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

accuracy cannot reasonably be questioned."). A corporation shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

13. As reflected in Plaintiff's Complaint, Defendant HSBCT is and was at the time of the filing of this action a Connecticut corporation incorporated under the laws of the State of Connecticut. (**Exhibit 1** – Complaint, ¶3.) Its headquarters office is located at One State Street, Hartford, Connecticut, 06141. *See* Defendant HSBCT's company profile and relevant excerpts from Annual Statement for the Year Ended December 31, 2021 as maintained by the California Department of Insurance, true and correct copies of which are attached hereto respectively as **Exhibit 6** and **Exhibit 7**; *see also* Fed. R. Evid. 201(b)(2)(courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

14. Consistent with *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001), and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of the Defendants' business activities occur in the State of Connecticut, not California. Therefore, for purposes of diversity jurisdiction, Defendant HSB's and Defendant HSBCT's principal place of business are not in California.

15. For removal based on diversity of citizenship, as here, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

16. Pursuant to 28 U.S.C. § 1441(b), diversity suits are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because HSB and HSBCT are incorporated in Connecticut, and their principal places of business are in Connecticut, they are *not* a citizen of California.

///

- **The Amount in Controversy Exceeds the Threshold of $75,000**

17. Defendants HSB and HSBCT dispute that they are liable to Plaintiff for any damages whatsoever. However, it is established on the face of Plaintiff's Complaint that the amount in controversy in this action exceeds $75,000 (exclusion of interest and costs). *See* 28 U.S.C. §1332(a).

18. Plaintiff alleges in the Complaint that it has suffered losses which entitle it to reimbursement from Defendants in the amount of at least $1,900,092.00 (**Exhibit 1** – Complaint, ¶24.) Plaintiff also alleges in the Complaint it sustained over $6,000,000 in losses as a result of equipment breakdown in June 2020 and that the principal amount owed by Defendants is $1,950,092, less a maximum deductible of $50,000. (*Id.* at ¶23.) Accordingly, the amount in controversy in this action is therefore in excess of $75,000, exclusive of interests and costs.

## IV. <u>CONCLUSION</u>

19. This case is properly removed to this Court because as set forth above it is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and one which may be removed by Defendants to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states.

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, including, without limitation, the defense of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens,* (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California and request that this Court exercise jurisdiction over all further proceedings in this action.

Dated: May 27, 2022    GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Michelle R. Bernard*
     Michelle R. Bernard
     Jennifer J. Kellar
     Attorneys For Defendants
     THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY OF CONNECTICUT

-7-
DEFENDANTS' NOTICE OF REMOVAL
Case No.